# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELDA WILSON,<br><br>                      Petitioner,<br><br>      v.<br><br>DEPARTMENT OF ARMY,<br><br>                      Respondent. | Civil No.   13-0643 H (WVG)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

On March 18, 2013, Helda Wilson, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 requesting monetary compensation for an alleged error in his rank upon discharge from the Army. (Doc. No. 1.) Petitioner also filed a motion to proceed in forma pauperis. (Doc. No. 2.)

## Background

Based on the allegations in the petition, Petitioner was inducted into the U.S. Army on February 13, 1968. (Doc. No. 1-1 at p. 8.) Petitioner rose to the rank of specialist with a corresponding pay grade of E-4. (Id.) In 1969, a special court-martial found Petitioner guilty of violations of Articles 92 (possession of barbiturates) and 134 (possession of about an ounce of marijuana) of the Uniform Code of Military Justice. (Id. at p. 15.) As punishment, the court-martial reduced Petitioner's rank to private with a pay grade of E-1. (Id.) The Army honorably discharged Petitioner on October 3, 1969, with the rank of private and a pay grade of E-2. (Id. at p. 17.)

Several years later, Petitioner filed an application for correction of his military

record pursuant to 10 U.S.C. § 1552, arguing that his pay grade upon discharge should have been E-3. On March 31, 2011, the Army Board for Correction of Military Records ("ABCMR") denied his application. (Id. at p. 9.)

Thereafter, Petitioner filed a request for reconsideration with the ABCMR. (Id. at p. 4.) On July 18, 2012, the ABCMR denied Petitioner's request for reconsideration and informed Petitioner that he has "the option to seek relief in a court of appropriate jurisdiction." (Id.)

## Discussion

"The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, §§ 801-10, amended [28 U.S.C.] § 1915 to require the district court to dismiss in forma pauperis prisoner civil rights suits if the court determines that the action does not state a claim upon which relief may be granted." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); see 28 U.S.C. § 1915(e)(2)(B)(ii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). The Rule 12(b)(6) standard is that a pleading must state a plausible claim for relief, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), that is the pleading must contain a cognizable legal theory or sufficient factual allegations in support of a cognizable legal claim. Hinds Investments, L.P. v. Angioli, 654 F.3d 846, 850 (9th Cir. 2011). Under § 1915, a district court may dismiss a plaintiff's pleading *sua sponte* or in response to a motion filed by the respondent. See Barren, 152 F.3d at 1194.

**I.   Request for Habeas Relief**

After reviewing the petition, the Court concludes that Petitioner has failed to allege a plausible claim for habeas relief. 28 U.S.C. § 2254 provides the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of

the United States. 28 U.S.C. § 2254(a).  See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).

Here, Petitioner requests a correction of his military records to reflect that he was discharged as a private first class ("E-3") as opposed to a private ("E-2"). (Doc. No. 1-1 at p. 1.)  Petitioner does not make any allegation that he is currently in prison because of a "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Accordingly, Petitioner has not stated a cognizable habeas claim.

**II.    Application for Review under 10 U.S.C. § 1552**

Construing the petition liberally, the Court concludes that Petitioner requests judicial review of a recent ABCMR decision denying his request to correct his military records.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (Pro se pleadings must be liberally construed.)  ABCMR decisions are subject to judicial review. Chappell v. Wallace, 462 U.S. 296, 303 (1983) ("Board [for the Correction of Naval Records] decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence."); Burns v. Marsh, 820 F.2d 1108, 1110 (9th Cir. 1987).  "A district court reviews an ABCMR decision to determine if it is arbitrary, capricious or unsupported by substantial evidence."  Id.

Petitioner alleges that his current discharge rank is incorrect. (Doc. No. 1-1 at p. 1.)  Petitioner submitted a special court-martial order stating his rank before punishment as private first class. (Doc. No. 1-1 at p. 15.)  Petitioner also submitted a record of the court-martial proceedings in which Petitioner is listed as a specialist–a higher rank than private first class.  (Id. at p. 12.)  The ABCMR, in its decision, recognized that the documents in Petitioner's file support Petitioner's contention that he was a specialist at the time of his court-martial. (Id. at p. 9.)  The ABCMR also noted that it "appears that

the applicant's rank and pay grade resulting from his court-martial were incorrectly entered." Id.  Yet, the ABCMR concluded that there was "no evidence showing that the portion of his sentence reducing him to pay grade E-1 was improper or in error." Id.  The ABCMR did recognize, however, that Petitioner's discharge rank of E-2 instead of E-1 may have been the result of a clerical error in Petitioner's benefit. Id.  The ABCMR decided not to reduce Petitioner's rank in order not to make him worse off. Id.

After reviewing Petitioner's entire submission, the Court concludes that Petitioner's allegations are sufficient, at this stage in the litigation, to support a cognizable legal claim. Hinds Investments, 654 F.3d at 850.   As such, Petitioner has satisfied the requirements of § 1915(e)(2)(B)(ii).  Additionally, Petitioner submitted proper documentation showing that he is unable to pay the filing fee.  (Doc. No. 2 at p. 8. (showing a $0 balance on Petitioner's inmate statement report).)  Accordingly, the Court grants Petitioner's motion to proceed in forma pauperis. 28 U.S.C. § 1915(a).

## Conclusion

Based on the foregoing, the Court grants Petitioner's request to proceed in forma pauperis.  The Clerk is directed to issue a summons as to Petitioner's petition (Doc. No. 1) upon Defendants and shall forward it to Petitioner along with blank U.S. Marshal Form 285s. In addition, the Clerk is directed to provide Petitioner with a certified copy of this Order and a certified copy of his complaint and the summons for purposes of serving Defendants.  Upon receipt of this "IFP Package," Petitioner is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.  Thereafter, the Court orders the U.S. Marshal to serve a copy of the complaint and summons upon Defendants as directed by Petitioner on the USM Form 285s.  The Court directs Petitioner's attention to Rule 4(i) of the Federal Rules of Civil Procedure that provides instructions for properly serving the United States, its agencies, corporations, officers, or employees.  All costs of service are to be advanced by the United States.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  After proper service, Defendants are ORDERED to reply to Petitioner's complaint within the time

provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

**IT IS SO ORDERED.**

DATED: May 9, 2013

_____
Marilyn L. Huff
United States District Judge