1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| HELDA WILSON, | CASE NO. 3:13-CV-643-H (WVG) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE** |
| DEPARTMENT OF THE ARMY, | |
| Defendant. | |

On September 5, 2013, Defendant Department of the Army filed a Motion to Dismiss Helda Wilson's Petition. (Doc. No. 8.) On October 29, the Court submitted the motion on the parties' papers and vacated the hearing pursuant to its discretion under Local Rule 7.1(d)(1). (Doc. No. 15.) The Court allowed Mr. Wilson until November 6, 2013 to respond to Defendant's Motion to Dismiss. (Id.) Mr. Wilson did not respond. For the following reasons, the Court grants Defendant's motion.

## I. Background

Petitioner Helda Wilson is a Vietnam veteran. He was inducted into the Army on February 3, 1968 and was discharged on October 3, 1969. (Doc. No. 1-1 at 17.) In 2011, Mr. Wilson sought to have his military records corrected to reflect a different pay grade. (Id. at 9.) The Army Board for Correction of Military Records denied Mr. Wilson's request. (Id.) On March 18, 2013, Mr. Wilson filed a Petition for Writ of Habeas Corpous pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The Court construed the petition as requesting judicial review of the Board's decision. (Doc. No. 3 at 3.)

## II. Legal Standard for Venue

The rules governing proper venue in federal actions in which the defendant is an officer or employee of the United States are set out in 28 U.S.C. § 1391(e)(1). Under this provision, venue is proper only in a district where:

(A) a defendant in the action resides;
(B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Once it is determined that venue is improper, 28 U.S.C. § 1406(a) states:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The decision whether to dismiss or transfer the action rests entirely within the discretion of the trial court. Costlow, 790 F.2d at 1488.

## III. Discussion

In its Motion to Dismiss, Defendant argues that the Court should dismiss Mr. Wilson's Petition because venue is improper under 28 U.S.C. § 1391(e).

Venue in this district is improper. First, the Department of Defense does not reside in this district. See 28 U.S.C. § 1391(e)(1)(A). Instead, for purposes of venue, the Department of Defense resides in the District of Columbia. See Airport Working

Group of Orange County, Inc. v. United States Dept. of Defense, 226 F. Supp. 2d 227, 228 (D.D.C. 2002).

Second, none of the events on which Mr. Wilson's petition is based occurred in this district. See 28 U.S.C. § 1391(e)(1)(B). Mr. Wilson's court martial convened in Vietnam. (Doc. 1-1 at 15.) His discharge occurred at Fort Lewis, Washington. (Id. at 17.)

Finally, Mr. Wilson presently resides in Corcoran, California, where he is in custody. See 28 U.S.C. § 1391(e)(1)(C). That prison is located in Kings County, which is in the Eastern District of California, and is Petitioner's residence for venue purposes. See In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978).

When a court determines that venue is improper, the decision whether to dismiss or transfer the action rests entirely within that court's discretion. Costlow, 790 F.2d at 1488. The Court determines that under these circumstances, dismissal is more appropriate than transfer. Accordingly, the Court grants Defendant's Motion to Dismiss. Because venue is improper in this district, Mr. Wilson may not refile here.

**IT IS SO ORDERED.**

DATED: December 18, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT